**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 21-00564-AB (AFMx) | Date: | April 28, 2021 |
|---|---|---|---|

| Title: | *Margaret Mahlmeister, et al. v. FCA US LLC, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>**GRANTING**</u> PLAINTIFFS' MOTION TO REMAND

Before the Court is Plaintiffs' Margaret Mahlmeister and Steven Donald Myers (collectively, "Plaintiffs") Motion to Remand. (Dkt. No. 12, ("Mot.").) Defendant FCA US LLC ("Defendant") opposes and Plaintiffs filed a Reply. (Dkt. Nos. 15, 16). The Court deems this matter appropriate for decision without oral argument and accordingly <u>**VACATES**</u> the hearing scheduled for April 30, 2021. For the reasons stated below, the Court <u>**GRANTS**</u> Plaintiffs' Motion.

**I.    BACKGROUND**

Plaintiffs allege that they purchased a 2016 Chrysler 200 (the "Vehicle") on October 11, 2016 that had been manufactured or distributed by Defendant. (Dkt. No. 1-3 ("Compl.") at ¶ 11.) The Complaint alleges that during the applicable warranty periods, the Vehicle developed multiple defects related to the electrical system, transmission, powertrain, tires, and other parts that substantially impaired the use, value, and safety of the Vehicle. (*Id.*) The Complaint specifically states

that "Plaintiffs suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." (*Id.* at ¶ 12.)

Plaintiffs filed their Complaint in Superior Court of the State of California, County of Ventura on December 7, 2020, alleging violations of the Magnuson-Moss Warranty Act, fraud by omission, and negligent repair. (*See generally* Dkt. No. 1-3.) Defendant was served with the Complaint on December 22, 2020 and removed this action to this Court on January 21, 2021, citing federal question jurisdiction. (Dkt. No. 1 at ¶ 3.) Plaintiffs filed the instant Motion to Remand on March 31, 2021. (*See* Dkt. No. 12.)

## II.  LEGAL STANDARD

Civil actions may be removed from state court if the federal court has original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove an action pursuant to that provision, . . . original subject-matter jurisdiction must lie in the federal courts." (cleaned up)).

Thus, removal of a state action may be based on either diversity or federal question jurisdiction. *City of Chi.*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Determination of federal question jurisdiction "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiffs properly pleaded complaint." *Cal. v. United States,* 215 F.3d 1005, 1014 (9th Cir. 2000). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction, by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

"The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted). Courts resolve all ambiguities "in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

///

### III. DISCUSSION

Plaintiffs move to remand this action to state court arguing that Defendant has failed to show by a preponderance of evidence that this case meets the $50,000 amount in controversy as required under the Magnuson-Moss Warranty Act ("Magnuson-Moss"). (Mot. at 4-13.) Defendant opposes remand and contends that it has met the requisite showing for damages when considering damages, civil penalties, and attorneys' fees and thus the Court has federal-question subject matter jurisdiction under Magnuson-Moss. (Opp. at 3-8.)

Plaintiffs' first cause of action for violations of Magnuson-Moss arises under federal law. 15 U.S.C. § 2310(d). Under § 2310(d)(1)(B), "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief in an appropriate district court." However, before subject matter jurisdiction is invoked, the amount in controversy must be shown to be at least $50,000, exclusive of costs and interests. 15 U.S.C. § 2310(d)(3)(B).

#### A. Actual Damages and Civil Penalties

In the Complaint, Plaintiffs only once state a monetary value of the case: "Plaintiffs suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." (Compl. ¶ 12.) Plaintiffs' prayer for relief includes actual damages and "a civil penalty in the amount of two times Plaintiffs' actual damages." (*Id.* at 8.)

Based on this allegation, Defendant argues that this case meets the amount in controversy on the face of the Complaint because Plaintiffs have alleged at least $75,003.00 in damages. To arrive at this number, Defendant presumes that the $25,001.00 is for *actual* damages, despite the Complaint only defining this amount as "damages." Defendant then calculates civil penalties at a rate two times the presumed actual damages (2 x $25,001.00) to arrive at the total damages calculation of $75,003.00 ($25,001.00 + $50,002.00). (Opp. at 7.)   Plaintiffs disagree and assert that the reference to $25,001.00 encompasses "total damages" which include both actual damages and civil penalties. (Mot. at 7-8.)

The Court finds that the Complaint is ambiguous as to total damages and returns to Defendant's burden of proof to establish proper removal. *See Provincial*

*Govt's of Marinduque*, 582 F.3d at 1087 ("The defendant bears the burden of establishing that removal is proper.").

Defendant argues that the Court's approach will encourage and/or reward Plaintiffs' ambiguous pleading. (Opp. at 5.) However, the Court is not persuaded by this argument because there are other options by which Defendant could have—but did not—satisfied its burden of showing the amount in controversy has been satisfied.

This Court is persuaded by other courts that have reached the same result. *See, e.g., Steeg v. Ford Motor Co.,* CV 19-05833-LHK, 2020 WL 2121508 (N.D. Cal. May 5, 2020) (remanding case where damages are ambiguous and defendant has failed to clarify by a preponderance of evidence that amount in controversy is satisfied); *Edwards v. Ford Motor Company* is on point. No. CV 16-05852 BRO (PLAx), 2016 WL 6583585 (C.D. Cal. Nov. 4, 2016) (remand is warranted where neither the complaint nor defendants provide "any facts that would allow the Court to determine the amount of actual damages"). Lastly, the Ninth Circuit requires this Court to resolve "any doubt about the right of removal . . . in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.

### B. Attorneys' Fees

Next, because Defendant has only established damages of $25,001.00, it must be able to demonstrate by a preponderance of the evidence that at least an additional $25,000 will be recovered in this case. Defendant's only argument as to attorneys' fees is that "attorneys' fees alone are more likely than not to exceed $35,000" and likely will "exceed $100,000." (Declaration of Scott Shepardson at ¶¶ 8-9.)

Defendant must still meet its burden of showing removal is proper where the law entitles "plaintiff to future attorneys' fees if the action succeeds, . . . the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). "The defendant retains the burden, however, of proving the amount of future attorneys' fees by a preponderance of the evidence." *Id.* at 788.

The Court finds that Defendant fails to demonstrate by a preponderance of the evidence that the attorney's fees in this case will be at least $25,000. Indeed, Defendant submits a declaration that states conclusorily that damages are likely

more than $35,000 and potentially even more than $100,000. At no point does Defendant explain how this amount is determined, what factors about this specific case make these calculations more likely than not, or how other similar cases have resulted in fees that satisfy the amount in controversy.

Defendant fails to substantiate its assertions, and the Court may not merely accept Defendant's position that "it is not uncommon, and in fact quite regular, for attorney's fees and cost awards . . . to exceed $100,000" in the absence of any specific evidence. (Shepardson Decl. at ¶ 8.)

### C. Total Damages

In sum, the Court finds that Defendant has only established by a preponderance of the evidence that the amount in controversy exceeds $25,001.00. This does not exceed the $50,000 amount in controversy requirement under Magnuson-Moss for federal question jurisdiction. Thus, Defendant has failed to meet its burden of showing that the Court has jurisdiction over this case.

### D. Leave to Conduct Jurisdictional Discovery

The Court declines to afford Defendant leave to conduct jurisdictional discovery as Defendant has neither provided any binding authority to support its position nor has it specified what evidence it seeks to discover and whether this evidence (i.e., purchase price of the Vehicle) was already known to Defendant.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Remand. The Clerk shall **REMAND** this action to the Superior Court of California, County of Ventura and take all steps necessary to close this matter.

**IT IS SO ORDERED**.